# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE GARRETT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF ILLINOIS,<br><br>　　　　　Respondent. | Case No. CV 19-1850 DMG (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND**<br><br>**L.R. 72-3.2** |

　　　The Court denies in forma pauperis status and dismisses this frivolous habeas action without leave to amend.

　　　　　　　　　　　　　　　* * *

　　　1.　　Petitioner Johnnie Garrett is a state prisoner in Illinois. According to his habeas petition, he is serving a lengthy prison sentence for a 2007 arson conviction in a state court in Chicago.

　　　2.　　For the second time in two years, Petitioner initiated a habeas corpus action in this federal court in California regarding his Illinois conviction

and incarceration under 28 U.S.C. § 2254.  See Garrett v. Illinois State, No. CV 18-2930 DMG (MRW) (C.D. Cal.) (dismissed at screening stage).

* * *

3. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

4. The action is dismissed as frivolous and in forma pauperis status is denied.  As an initial matter, venue for this action is improper in this judicial district.  Petitioner's action facially has no connection to the federal court in Los Angeles – he neither was convicted in this region nor is currently housed here.  28 U.S.C. § 2241(d).

5. Moreover, Petitioner's submission is unintelligible, consists of rambling allegations, and fails to state a constitutional claim upon which relief may be granted under AEDPA.  28 U.S.C. §§ 1915, 2254.

6. Petitioner is known for his previous colorful and bizarre filings in civil rights and habeas actions this Court.  None has passed the screening stage.  Garrett v. Illinois State, No. CV 18-2930 DMG (MRW) (habeas); Garrett v. Unknown, CV 13-4468 MRW (C.D. Cal.) (civil rights); Garrett v. Illinois Attorney General, CV 13-4971 MRW (C.D. Cal.) (civil rights).

7. Petitioner's action is patently frivolous and warrants summary dismissal.  For this reason, the Court does not take up the obvious problems with

his petition involving timeliness under AEDPA, exhaustion, the failure to name a proper respondent, and other patent defects. 28 U.S.C. § 2244, 2254.

8. Further, no legitimate purpose would be served in transferring this unintelligible filing to a federal court in Illinois or in allowing Petitioner an opportunity to refile in this Court. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

* * *

Therefore, the present action is DISMISSED without leave to amend.

IT IS SO ORDERED.

DATED: April 1, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE